IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Theresa Bradley,<br><br>  Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>  Respondents. | No. CV 11-1810-PHX-NVW (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

  Linda Theresa Bradley filed a petition for writ of habeas corpus on September 15, 2011, and an amended petition on November 28, 2011, challenging her convictions in Maricopa County Superior Court for burglary and a probation violation, and the trial court's imposition of prison terms totaling 8 years. She raises four claims in her amended petition: (1) violations of her rights to due process and a fair trial by the use of vindictive prosecution practices; (2) the ineffective assistance of trial counsel; (3) trial court errors regarding prior convictions and the consideration of the evidence; and (4) a breach of the plea agreement in the consideration of prior convictions. Respondents contend that Bradley's amended petition was untimely filed, and alternatively that her claims are procedurally defaulted. For the reasons stated below, the Court recommends that Bradley's amended petition be denied and dismissed with prejudice.

## BACKGROUND

On April 7, 2008, following Bradley's entry of a guilty plea in two separate criminal causes, one alleging second-degree burglary and the other a probation violation, the trial court sentenced Bradley to an aggravated seven-year prison term for the burglary, to be served consecutively to the one-year term imposed for the probation violation (Doc. 13, Exh P-Q). Over a year later, on April 28, 2009, Bradley filed a *pro se* habeas petition in state court arguing that the trial court's act of sentencing her to an aggravated term violated her sixth amendment right to a trial by jury. The trial court construed it as a petition for post-conviction relief, and on November 4, 2009, the trial court denied the post-conviction relief on the grounds that it was untimely filed because over 90 days had passed from the April 7 sentencing. The trial court also ruled that Bradley's claim lacked merit (Doc. 6-1). Bradley's motion for reconsideration was denied on October 11, 2010 (Doc. 13, Exh CC, DD). After Bradley failed at three attempts to file a proper petition for review, the court of appeals dismissed the matter on November 16, 2010, and the supreme court denied review on March 31, 2011 (*Id.*, Exh EE, FF). Bradley filed her federal petition on September 12, 2011, and an amended petition on November 25, 2011 (Docs. 1, 6).

## DISCUSSION

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2). If a defendant pleads guilty, the first post-conviction proceeding is considered a form of direct review within the meaning of section 2244(d)(1)(A), thus delaying the start of the one-year limitations period until after the 90-day period during which a defendant could have petitioned the United States Supreme Court for a writ of certiorari following the Arizona

1 Supreme Court's denial of a petition for review. *Summers v. Schriro*, 481 F.3d 710, 716-17
2 (9th Cir. 2007).

3 Bradley's conviction became final on July 7, 2008. This is the date 90 days after
4 sentencing when the time expired for filing a notice of post-conviction relief. Therefore,
5 Bradley was required to file her federal petition by July 7, 2009, and her petition, filed over
6 2 years after the conclusion of the period of limitations, is untimely, absent any tolling of
7 this period. The filing of a post-conviction petition within the period of limitations does not
8 toll the period unless the pleading is "properly filed" within the meaning of section
9 2244(d)(2). The trial court ruled that Bradley's state habeas petition was untimely because
10 it was not filed within 90 days of the date of sentencing, as required by Rule 32.4(a) of the
11 Arizona Rules of Criminal Procedure. Therefore it was not properly filed. *Pace v.
12 DiGuglielmo*, 544 U.S. 408, 410 (2005). As a result, statutory tolling cannot apply to any
13 portion of the entire 2-year period, beginning on April 28, 2009, when Bradley filed the
14 petition, until June 29, 2011, when the 90-day period ended during which Bradley could have
15 petitioned the United States Supreme Court for review of the trial court's March 31, 2011
16 ruling. *Id.* "When a post-conviction petition is untimely under state law, that is the end of
17 the matter for purposes of § 2244(d)(2)." *Id.*, 544 U.S. at 414. In this case, the state court's
18 rejection of Bradley's petition as untimely means that it "must be treated as improperly filed,
19 or as though it never existed," such that "for purposes of section 2244(d), the pendency of
20 that petition did not toll the limitations period." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th
21 Cir. 2011).

22 In addition, Bradley has not demonstrated that she is entitled to equitable tolling. She
23 has not established that she had been "pursuing her rights diligently," and that "some
24 extraordinary circumstance stood in [her] way." *Holland v. Florida*, 560 U.S. __, 130 S.Ct.
25 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418-19 and n. 8). She makes a conclusory
26 statement in her motion for reconsideration of the trial court's denial of her post-conviction
27 petition that her failure to timely file the petition "was without fault on the defendant's part."

28

1  She gives no explanation as to why it was not her fault, except an allegation that from April
2  23, 2008 until July 1, 2008, she was housed 23 hours a day in the mandatory intake process
3  at ASPC/Perryville, with no access to "necessary items to begin [the] appeal process."
4  Assuming what Bradley says is true, that may explain a three-month delay in filing the
5  petition, but it does not explain why she took no action during the following seven months
6  by failing to file anything in the State court. In other words, she has not demonstrated that
7  any alleged lack of access prevented her from filing a timely notice, once that lack of access
8  had ended. She also alleges in this motion that she was not provided "sufficient timely, or
9  adequate notification of all related hearings." A review of the record indicates that there
10 were no hearings of which Bradley would have needed notification in order to timely file her
11 petition. She also includes in her amended petition a letter to the trial court in which she
12 seeks to explain the untimely filing of her motion for reconsideration of the trial court's order
13 denying her post-conviction relief. The letter, however, does not give any explanation about
14 the untimely filing of her initial post-conviction petition. Bradley also argues that she was
15 unaware of the 90-day limitation on filing a Notice of Post-Conviction Relief until she read
16 the trial court's order ruling her petition untimely. The record belies Bradley's argument.
17 The Maricopa County Superior Court docket indicates that in 2007 and 2008, in two separate
18 criminal cases, Bradley signed a document entitled "Notice of Rights of Review After
19 Conviction and Procedure," which explained in detail her right to post-conviction relief, with
20 the 90-day deadline indicated in bold print. The Court agrees with Respondents that absent
21 an explanation from Bradley as to why (1) she filed her post-conviction petition in an
22 untimely manner; (2) she filed her motion for reconsideration in an untimely manner; and (3)
23 she failed to file a substantially compliant petition for review in the court of appeals, she is
24 not entitled to equitable tolling.

25  The Ninth Circuit has recognized an actual innocence exception to the limitations bar.
26 *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011). To the extent that Bradley is somehow
27 claiming actual innocence, the Court finds the claim is without merit and does not justify

- 4 -

equitable tolling. First, Bradley does not argue that the plea agreement she entered into was in any way executed involuntarily or unknowingly on her part. In addition, she cites repeatedly to the police report, which is not new evidence, and which includes eyewitness and police identification of her at the scene of the burglary, as somehow supporting her claim of actual innocence. Bradley has cited no authority and the Court is unaware of any that would support extending the actual innocence exception to the facts of this case.

**IT IS THEREFORE RECOMMENDED** that Linda Theresa Bradley's Amended Petition for Writ of Habeas Corpus be denied and dismissed with prejudice (Doc. 6).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 25th day of October, 2012.

_____
David K. Duncan
United States Magistrate Judge

- 5 -